UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
Kirsis C. Castillo,

                Plaintiff,

        - against -

Seviroli Foods, Inc.,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

21 Civ. 5

**COMPLAINT AND JURY DEMAND**

**JURY TRIAL DEMANDED**

## NATURE OF THE ACTION

1. This case is about an employer that reacted to the news of the pregnancy of its CEO's female executive assistant by stating "Fuck! Another one!!"; that quickly locked her out of her work e-mail and posted her job on-line when she went on maternity leave; and that discharged her when she sought to return to work.

2. This case is to redress unlawful discrimination based on pregnancy, sex/gender, disability, and familial status, and unlawful termination of employment, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.* and the New York State Human Rights Law, as amended (the "NYSHRL"), Art. 15 of the New York Executive Law, N.Y. Exec. L. § 290 *et seq.*

3. Title VII and the NYSHRL broadly prohibit an employer from discriminating and retaliating against an employee on the basis of membership in a protected class and exercising protected rights.

## THE PARTIES, JURISDICTION AND VENUE

4. Plaintiff Kirsis C. Castillo ("Plaintiff") is an adult female residing in New York.

5. Defendant Seviroli Foods, Inc. ("Defendant" or the "Company") is a domestic corporation incorporated under the laws of the State of New York, doing business in Nassau County, New York, and having a principal place of business and/or address at 385 Oak Street, Garden City, NY 11530.

6. This Court has jurisdiction over Plaintiff's claims pursuant to federal law, including Title VII, 42 U.S.C. § 2000e *et seq.*, and 28 U.S.C. §§ 1331, 1343, 1367(a).

7. Venue is proper in this district pursuant to federal law, including Title VII, 42 U.S.C. § 2000e *et seq.*, and 28 U.S.C. § 1391.

## **FACTS**

8. Defendant is a manufacturer of food products, and according to its website, "You'll find Seviroli products in the frozen food section of grocery, gourmet and club stores," including among others, Costco, Sam's Club, Restaurant Depot, Shoprite, Pathmark, A & P, and other stores.

9. Upon information and belief, Defendant has more than $50 million in annual sales and has more than 100 employees.

10. In January 2019, Plaintiff joined Defendant as Executive Assistant/Personal Assistant.

11. Plaintiff supported Defendant's highest level executives: Joseph Seviroli (Chief Executive Officer and Owner) and Paul Vertullo (Chief Operating Officer).

12. At all times, Plaintiff was fully qualified for her position.

13. In February 2019, Ms. Castillo advised Adele Abandolo, Defendant's Director of Human Resources, that:

    (a)    Ms. Castillo was pregnant;

    (b)    her due date was in July;

    (c)    she would require a brief maternity leave upon giving birth; and

    (d)    she would return to work after her leave.

14. As a matter of law, Ms. Castillo's pregnancy was a protected status, she engaged in protected activity, and she was entitled to a reasonable accommodation.

15. Plaintiff's pregnancy announcement was not well-received at Defendant.

16. After Plaintiff disclosed her pregnancy, she spoke with another member of management, Franco LaRocca, Defendant's Director Culinary R&D Executive Corporate Chef.

17. Mr. LaRocca told Plaintiff that Ms. Abandolo commented as to Plaintiff's pregnancy, "Fuck! Another one!!"

18. Defendant's comment "Fuck! Another one!!" was an openly negative and hostile reaction to Plaintiff's pregnancy.

19. In July 2019, Ms. Castillo was admitted to the hospital and gave birth.

20. In July 2019, and after giving birth, Plaintiff, from her hospital bed, sent an e-mail to Defendant stating, "Today the baby was born."

21. Ms. Castillo commenced a maternity leave and advised Defendant that she planned to remain on leave for six weeks through August 20, 2019.

22. Ms. Castillo's maternity leave was unpaid and placed financial pressure on her to return to work as soon as medically feasible.

23. Plaintiff reiterated to Defendant that she would return to work after her maternity leave.

24. On or about July 10, 2019, Ms. Castillo, still recovering in the hospital after giving birth, attempted to check her work e-mail, but was unable to access her work e-mail.

25. Upon information and belief, Defendant terminated Ms. Castillo's access to her work e-mail.

26. Plaintiff remained in the hospital through July 11, 2019.

27. After Plaintiff was released from the hospital, she kept in contact with Defendant.

28. Defendant did not congratulate Ms. Castillo on the birth of her baby.

29. Rather, Defendant quickly posted Ms. Castillo's job on-line on ZipRecruiter.

30. Upon information and belief, on or about July 15, 2019, Defendant posted Ms. Castillo's job on-line on ZipRecruiter.

31. Ms. Castillo, now at home with her newborn baby, called Darla Maldonado (a/k/a Darla Maldonado-Hernandez), a Human Resources employee.

32. During that telephone call, Ms. Castillo asked why the Company had posted her job on-line on ZipRecruiter and why she no longer had access to her work e-mail.

33. Ms. Maldonado told Ms. Castillo that the Company needed an executive assistant.

34. Ms. Castillo reminded Ms. Maldonado that her maternity leave was only six weeks and that she planned to return to work in August following her maternity leave.

35. Ms. Maldonado replied "I don't know."

36. Ms. Maldonado also told Ms. Castillo that the Company wanted Ms. Castillo to return the Company-issued laptop computer and cellular phone.

37. Ms. Castillo offered to hand-deliver the equipment.

38. Ms. Maldonado replied with words to the effect of "let me find out if you can come to the office and drop off the laptop and phone."

39. Within a few days, Ms. Maldonado called Ms. Castillo and told her that Paul Vertullo (Chief Operating Officer) said that "under no circumstances" can Ms. Castillo come to the office.

40. Ms. Castillo asked Ms. Maldonado why Ms. Castillo was barred from Defendant's premises, reminding her, "I am still an employee."

41. Ms. Maldonado told Ms. Castillo that the Company would send her a return-label box to ship the laptop and phone to the Company and her personal property would be sent to her.

42. The Company subsequently sent an employee to Ms. Castillo's home to retrieve the Company-issued laptop and phone.

43. Defendant's actions regarding Ms. Castillo in July 2019 and Ms. Maldonado's statements to Ms. Castillo during their July 2019 telephone calls, indicate that by July 15, 2019, Defendant had already decided to terminate Ms. Castillo's employment.

44. After the July 2019 calls, Ms. Castillo kept in contact with Defendant.

45. In August 2019, Ms. Castillo reminded Ms. Maldonado that she intended to return to work for Defendant following her maternity leave, which was due to conclude on August 20th.

46. On Monday, August 19, 2019, Ms. Castillo contacted Defendant to make arrangements to return to work.

47. As of August 19, 2019, Defendant had not filled Ms. Castillo's position.

48. On August 19, 2019, Ms. Castillo sent an e-mail to Ms. Maldonado stating, "Good morning darla.... Is there anything I need to do before I return to work ?"

49. Ms. Maldonado replied with an e-mail stating "I am out of office - I will speak with you when I return Wednesday."

50. On Wednesday, August 21, 2019, Ms. Maldonado called Ms. Castillo.

51. Ms. Castillo requested that Defendant allow her to return to work.

52. Ms. Maldonado refused to allow Ms. Castillo to return to work and falsely accused Ms. Castillo of resigning.

53. Ms. Castillo reminded Ms. Maldonado that, consistent with their prior communications, Ms. Castillo always intended to return to work following her maternity leave.

54. Ms. Castillo also confirmed to Ms. Maldonado that she had never resigned.

55. Ms. Castillo also noted that her job was still posted on-line.

56. As of August 21, 2019, Defendant had not filled Ms. Castillo's position.

57. On August 21, 2019, Defendant unlawfully terminated Ms. Castillo's employment.

58. Defendant's proffered reasons for refusing to allow Ms. Castillo to return to work and for terminating her employment were false and a pretext for unlawful discrimination.

59. Upon information and belief, Defendant eventually filled Ms. Castillo's position in September 2019.

60. Upon information and belief, even after Defendant filled Ms. Castillo's position, Defendant had one or more other positions for which Ms. Castillo was qualified.

61. Indeed, Seviroli posted on the following statement online:

> Seviroli Foods is a rapidly growing, dynamic and entrepreneurial business. We are eager to connect with career candidates who share our passion and commitment. People who fit well with Seviroli like to be challenged, can multi-task and are comfortable managing their responsibilities. Like the rest of our team, they go above and beyond in creating strong relationships with our customers, our vendors and our employees. In return, they enjoy competitive salaries, excellent benefits, and the opportunities of a large company combined with the warmth of a family business.
> If you are a "No limits — whatever it takes" type of person, and think you can make a contribution to our growing organization, please send us your resume!

*See* https://seviroli123.squarespace.com/careers

62. Defendant unlawfully discriminated against Ms. Castillo on the basis of pregnancy, sex/gender, disability, and familial status, unlawfully terminated Ms. Castillo's employment, and unlawfully denied her a reasonable accommodation, in violation of applicable law.

63. Ms. Castillo has suffered damages as a result of Defendant's unlawful conduct.

64. Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the EEOC subsequently issued a notice of right to sue letter dated October 5, 2020.

## COUNT ONE

### (Title VII)

65. Plaintiff repeats and realleges every allegation in the preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

66. This Count is brought under Title VII and reference is made to Title VII in its entirety.

67. Under Title VII, it is "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

68. Under Title VII, unlawful sex discrimination includes discrimination because of or on the basis of pregnancy (including current pregnancy and past pregnancy), childbirth, related medical conditions, pregnancy-related medical leave, and/or maternity leave. *See, e.g.*, 42 U.S.C. § 2000e-(k).

69. To state a claim under Title VII, the plaintiff must merely allege that the employer took adverse action against the plaintiff and that protected status was a substantial or motivating factor in the employment decision. *See, e.g., Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015).

70. "An inference of discrimination can arise from circumstances including, but not limited to, the employer's criticism of the plaintiff's performance in ethnically degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's discharge." *Littlejohn v. City of N.Y.*, 795 F.3d 297, 312 (2d Cir. 2015).

71. "[A]t the pleadings stage of an employment discrimination case, a plaintiff has a minimal burden of alleging facts suggesting an inference of discriminatory motivation." *Vega*, 801 F.3d at 85 (emphasis and internal quotation marks omitted).

72. At all relevant times herein, Defendant was an "employer" and a "person" within the meaning of Title VII.

73. At all relevant times herein, Plaintiff was a "person" within the meaning of Title VII.

74. Defendant took adverse action against the Plaintiff and Plaintiff's sex/gender, pregnancy, childbirth, pregnancy-related medical leave, maternity leave and protected status was a substantial or motivating factor in the employment decision.

75. The Company's conduct, as alleged herein, constituted unlawful discriminatory practices, unlawful discrimination based sex/gender, pregnancy, childbirth, pregnancy-related medical leave, maternity leave and protected status, and unlawful discharge, in violation of Title

VII.

76. Defendant engaged in unlawful conduct with malice and/or reckless indifference to Plaintiff's federally protected rights.

77. Plaintiff has suffered damages as a result of Defendant's unlawful conduct.

78. As a result of the Company's unlawful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation, lost earnings, lost wages, lost back pay and front pay, lost compensation, lost bonuses, lost benefits, lost interest and attorneys' fees and costs.

79. As a further result of the Company's unlawful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation.

80. Plaintiff is entitled to recover monetary and other damages, punitive damages, interest, and attorneys' fees and costs from the Company.

81. By reason of the foregoing, Plaintiff has been damaged, and is entitled to a judgment against the Company, in an amount to be determined.

## COUNT TWO

### (New York State Human Rights Law)

82. Plaintiff repeats and realleges every allegation in the preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

83. This Count is brought under the NYSHRL, N.Y. Exec. L. § 290 *et seq*. and reference is made to the NYSHRL in its entirety.  *See also* N.Y. Exec. L. § 296.

84. Under the NYSHRL, it is unlawful for an employer to discriminate against an employee because of her pregnancy, sex/gender, disability and/or familial status.  N.Y. Exec. L. § 296.

85. Under the NYSHRL, the term "familial status" includes, among other items, "any person who is pregnant or has a child." N.Y. Exec. L. § 292.26.

86. Under the NYSHRL, discrimination based on pregnancy constitutes unlawful discrimination based on sex/gender, disability and familial status. N.Y. Exec. L. §§ 292.21, 292.26, 296.

87. Significantly, on August 12, 2019, Governor Andrew M. Cuomo signed legislation that substantially expanded and broadened the protections against discrimination and harassment in the NYSHRL.

88. The legislation mandates, among other items, that the NYSHRL be *liberally construed* without reference to federal law that may lead to a more restrictive result.

89. At all relevant times, Defendant was an "employer" and a "person" within the meaning of the NYSHRL. *See* N.Y. Exec. L. § 292.

90. At all relevant times, Plaintiff was an "employee," a "person" and an "individual" within the meaning of the NYSHRL. *See* N.Y. Exec. L. §§ 292, 296.

91. Defendant's conduct, as alleged herein, constituted unlawful discriminatory practices, unlawful discrimination based on pregnancy, sex/gender, disability and familial status, and unlawful discharge, in violation of the NYSHRL.

92. Defendant's conduct, as alleged herein, amounts to willful or wanton negligence or recklessness or involves a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard.

93. Plaintiff has suffered damages as a result of Defendant's unlawful conduct.

94. As a result of the Company's unlawful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation, lost earnings, lost wages, lost back pay and front pay, lost compensation, lost bonuses, lost benefits, lost interest and attorneys' fees and costs.

95. As a further result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation.

96. Plaintiff is entitled to recover monetary and other damages, punitive damages, interest, and attorneys' fees and costs from the Company.

97. By reason of the foregoing, Plaintiff has been damaged, and is entitled to a judgment against Defendant, in an amount to be determined.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully demands judgment in favor of Plaintiff against Defendant, on all Counts, including as follows:

(A) Award Plaintiff damages suffered by virtue of Defendant's violation of Title VII and violation of the New York State Human Rights Law, in an amount to be determined;

(B) Award Plaintiff damages for lost earnings, lost wages, back pay, front pay, lost compensation, lost bonuses, lost benefits, and other economic and actual damages, in an amount to be determined;

(C) Award Plaintiff consequential damages, in an amount to be determined;

(D) Award Plaintiff compensatory damages for, among other items, injury, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses, in an amount to be determined;

(E) Award Plaintiff punitive damages and exemplary damages, in an amount to be determined;

(F) Award Plaintiff the costs of this action, together with reasonable attorneys' fees, in an amount to be determined;

(G) Award Plaintiff lost interest, in an amount to be determined;

(H)     Award Plaintiff any and all other damages and relief requested herein;

(I)     Award Plaintiff any and all other damages and relief provided by the applicable statutes and applicable law, in an amount to be determined; and

(J)     Award Plaintiff such further damages and relief as may be just and proper, in an amount to be determined.

## JURY DEMAND

Plaintiff demands a jury trial for all issues triable.

Dated: New York, New York
January 2, 2021

                                                GOLDBERG & FLIEGEL LLP
By:   /s/ Kenneth A. Goldberg
        Kenneth A. Goldberg
        GOLDBERG & FLIEGEL LLP
        488 Madison Avenue, #1120
        New York, New York 10022
        (212) 983-1077
        kgldbrg@aol.com
        Attorneys for the Plaintiff