UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
KIRSIS C. CASTILLO,

     Plaintiff,

                **MEMORANDUM DECISION**
                **AND ORDER**
    -against-        21-CV-0005 (ERK) (JMW)

SEVIROLI FOODS, INC.,

     Defendant.
-------------------------------------------------------------------X

**WICKS,** Magistrate Judge:

   Before the Court is Defendant Seviroli Foods, Inc.'s motion to stay discovery (DE 23)

pending a decision on its motion to dismiss the Complaint (DE 15).  For the reasons set forth

below, Defendant's motion is granted in part and denied in part.

## I.  FACTUAL BACKGROUND

   Plaintiff brought this Title VII action alleging unlawful discrimination based on

pregnancy, sex/gender, disability, and familial status.  (DE 1.)  Plaintiff began working for

Seviroli in January 2019.  (*Id*. at ¶10.)  Plaintiff advised Seviroli in February 2019 that she was

pregnant and would require medical leave after giving birth.  (*Id*. at ¶13.)  Plaintiff alleges that

when Defendant learned of her pregnancy, Defendant exclaimed, "Fuck! Another one!!"  (*Id*. at

¶18.)  Plaintiff gave birth in July 2019 and went on maternity leave.  (*Id*. at ¶¶19, 21.)   The

circumstances of whether Plaintiff subsequently resigned or was terminated is hotly disputed and

is discussed in further detail below.

   Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity

Commission ("EEOC") and the EEOC issued a Dismissal and Notice of Rights letter dated

October 5, 2020.  (*Id*. at ¶ 64.)  The letter states that the EEOC was "unable to conclude that the

information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge."  (DE 15-3.)

## II.    STANDARD

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Thomas v. N.Y. City Dep't of Educ.*, No. 09-CV-5167 (SLT), 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  The filing of a dispositive motion in and of itself does not halt discovery obligations. That is, a stay of discovery is not warranted, without more, by the mere pendency of a dispositive motion. *Weitzner v. Sciton, Inc.*, No. CV 2005-2533 (SLT) (MDG), 2006 WL 3827422, at *1 (E.D.N.Y. Dec. 27, 2006).  Rather, the moving party must make a showing of "good cause" to warrant a stay of discovery.  *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006).  In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* (citation omitted).  "Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation." *Id.* (citation omitted).

### III.    DISCUSSION

### A.  Whether Defendant Has Made a Strong Showing That Plaintiff's Claims Are Unmeritorious [1]

To establish a *prima facie* case of a Title VII claim, a plaintiff must show that (1) they were a member of a protected class; (2) they were qualified for the job; (3) they suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination.  *Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 76 (2d Cir. 2005).

Defendant argues that its motion to dismiss will likely be dispositive of Plaintiff's claims because Plaintiff did not suffer an adverse employment action and Plaintiff failed to raise an inference of discrimination.  (DE 24.)  Defendant also argues that Plaintiff failed to exhaust her administrative remedies, and that the Court does not have jurisdiction over the NYSHRL claims.  (*Id.*)  For the reasons set forth below, the Court finds that Defendant has not made a sufficient showing that their 12(b)(6) arguments may be meritorious and thus, this factor weight against issuing a stay.

#### *Adverse Employment Action*

Defendant asserts that Plaintiff fails to establish the third prong of a *prima facie* employment discrimination case.  (DE 15-5 at 6.)  Relying on *Shaw v. Yale New Haven Hospital*, Case No. 3:18-cv-00067 (VLB), 2020 WL 1923599 (D. Conn. 2020) (among other cases), Defendant argues that an employer's acceptance of a voluntary resignation does not constitute an adverse employment action.  (DE 15-5 at 6.)  Defendant claims that the Department of Labor ("DOL") notice and EEOC Charge show that Plaintiff resigned from her job after she gave birth

---

[1] To be clear, the Court is not in any way prejudging the anticipated motions to dismiss, but merely considering their plausibility for purposes of weighing whether a stay should be granted in light of Fed. R. Civ. P. 1.

and that she submitted documentation to the DOL that indicated she applied for unemployment benefits due to lack of work.  (*Id*.)  Defendant argues that it denied this reasoning in the DOL notice and that its employee, Darla Maldonado, responded to the notice by stating that Defendant did not know Plaintiff was resigning until they received the notice from NYS Unemployment, and that they did not lay her off due to lack of work.  (*Id*. at 6-7) Defendant claims it accepted the resignation.  (*Id*. at 7.)

Plaintiff claims that she advised Defendant that she was pregnant five months prior to giving birth and that she would need a brief maternity leave before returning to work.  (DE 18 at 4.)  According to Plaintiff, after giving birth she sent an email to Defendant advising that she gave birth.  (*Id*.)  Her maternity-leave then began and she claims she told Defendant that she planned to remain on leave for 6 weeks until August 20, 2019.  (*Id*.)  Plaintiff claims that Defendant then took Plaintiff's access to work email away and posted an opening for her job online.  (*Id*. at 4-5) Plaintiff called Maldonado and reminded her that she would be returning to work in August, and Maldonado just said, "I don't know," and asked Plaintiff to return her company laptop and cell phone.  (*Id*. at 5) Plaintiff claims that in August when she tried to return to work, Maldonado refused to allow her to return and accused her of resigning.  (*Id*. at 5-6.)

At this stage, there appears to be a factual dispute as to whether Plaintiff resigned or was terminated.  Thus, it is not clear to the Court whether Defendant's argument on its motion to dismiss is meritorious as such a factual dispute cannot be resolved at this juncture.

### *Whether Plaintiff Raised an Inference of Discrimination*

To defeat a motion to dismiss in a Title VII discrimination case, a plaintiff must plausibly allege that the employer took adverse action against her and that her protected class was a motivating factor in the employment decision.  *Vega v. Hempstead Union Free School Dist*., 801

F.3d 72, 87 (2d Cir. 2015).  Plaintiff may do so by alleging "facts that indirectly show discrimination by giving rise to a plausible inference of discrimination."  *Id*.  An inference of discrimination can arise from the sequence of events that led to the employee's discharge.  *Littlejohn v. City of New York*, 795 F.3d 297, 312 (2d Cir. 2015).  "[T]he evidence necessary to satisfy the[e] initial burden of establishing that an adverse employment action occurred under circumstances giving rise to an inference of discrimination is minimal."  *Id*. at 313 (internal quotations and citation omitted).

Defendant argues that Plaintiff has failed to satisfy the fourth prong of an employment discrimination claim because Plaintiff does not allege facts to support that Defendant's acceptance of the resignation was based on anti-pregnancy animus.  (De 15-5 at 8-9.)  Defendant makes a somewhat circular argument on this point, jumping to the conclusion that Plaintiff "fails to allege any facts that could support a rational inference that Defendant's acceptance of the resignation she tendered in connection with her application for unemployment benefits was really based on anti-pregnancy animus."  (*Id*.)  Defendant fails to acknowledge Plaintiff's allegations in the pleadings that were specific to Plaintiff's pregnancy, including purported conversations about maternity leave, Plaintiff being told to return her laptop while on maternity leave, her job being posted, and being locked out of her company email account while she was on maternity leave.  (DE 1 at ¶¶ 13, 16-17, 20-36.)  Defendant instead focuses on the "*Fuck! Another one!!*" comment, asserting that the comment was hearsay because it was not said directly to Plaintiff.  (DE 15-5 at 9.)  Defendant further argues that including the comment in the Complaint, but not the EEOC Charge, misrepresents to the Court what the allegations to the EEOC were.  (*Id*.)

The Court does not find Defendant's arguments on this point persuasive.  The argument completely ignores the facts pled in the Complaint regarding Plaintiff's conversations about pregnancy and maternity leave.  Further, the "*Fuck!*" comment appears to be "simply an additional factual allegation supporting plaintiff's underlying . . . hostile work environment claims."  *DeBerry v. Brookdale Univ. Hosp. and Med. Ctr.*, 11 F. Supp. 3d 387, 396 (E.D.N.Y. 2014).  Moreover, no discovery has taken place so it is premature for Defendant to argue that the comment must not be considered on a hearsay basis.

### *Exhaustion of Administrative Remedies*

Under Title VII, a plaintiff must exhaust administrative remedies prior to filing suit in federal court.  *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 384 (2d Cir. 2015).

Defendant argues that Plaintiff did not exhaust the required administrative remedies because her Complaint alleges additional grounds for which the discrimination is based upon, that expand on the boxes she checked off on the EEOC Charge ("sex" and "disability").  (DE 15-5 at 11.)  According to Defendant, the EEOC did not have the opportunity to investigate the additional grounds for discrimination that are alleged in the Complaint – pregnancy and familial status.  (*Id.*)  First, Defendant's facts are misstated, as both the EEOC Charge and Complaint allege wrongful termination on the basis of pregnancy/disability and gender/sex.  (DE 1; DE 15-3 at ¶1) Further, immediately following this argument, Defendant concedes that, "Both the Complaint and the Charge allege that Plaintiff was not permitted to return to work after concluding her maternity leave (Complaint ¶52) (Charge ¶8)."  (DE 15-5 at 11.)

Moreover, the Court does not agree with Defendant's arguments that Plaintiff failed to exhaust her administrative remedies and therefore, the Court lacks subject matter jurisdiction. "Administrative exhaustion is not a *jurisdictional* requirement; rather, it is merely a precondition

of suit and, accordingly, it is subject to equitable defenses." *Fowlkes*, 790 F.3d at 384.  Treating subject matter jurisdiction as a threshold matter prevents the Court from considering potential equitable defenses for which a plaintiff's failure to exhaust administrative remedies may be excused.  *Id*.

Further, on its face, the merits of whether pregnancy and familial status could be reasonably related to sex and disability, the Court does not find Defendant's argument on these grounds particularly strong.  "A claim is considered reasonably related if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made[.]" *Fitzgerald v. Henderson*, 251 F.3d 345, 359-360 (2d Cir. 2001) (internal quotations and citation omitted).

Defendant also argues that the Complaint and the EEOC Charge set forth separate theories as to why Plaintiff was allegedly terminated.  (DE 15-5 at 11.)  Defendant asserts that in the Complaint, the alleged pretextual reason for allegedly not allowing Plaintiff to return to work was due solely to Defendant falsely accusing Plaintiff of resigning, without referencing that she applied for unemployment benefits.  (*Id*. at 11-12.)  According to Defendant, and without citing any authority, Plaintiff's Complaint should be dismissed because this "new theory is insufficient to challenge the weight of the DOL notice which makes it clear Plaintiff resigned." (*Id*. at 12.)  Defendant again appears to ignore the factual allegations Plaintiff made regarding conversations with Defendant about pregnancy and maternity leave.  Further, the factual issue of whether Plaintiff resigned or was terminated remains unresolved at this early stage.  Thus, Defendant's argument does not appear meritorious to warrant dismissal of the Complaint.

***Jurisdiction over the NYSHRL Claims***

Plaintiff's Complaint includes claims based on violations of New York State Human Rights Law, which Defendant claims should be dismissed since Plaintiff cannot make a *prima facie* Title VIII claim.  (DE 15-5 at 13.)  Defendant further argues that even if the Court exercised pendent jurisdiction over the claims, Plaintiff cannot state a cause of action under NYSHRL because she fails to establish Defendant took adverse action against her.  (*Id.*)  For the reasons stated above, these arguments do not appear to have merit based on the evidence before the Court at this juncture.

## B.  Breadth of Discovery and Burden of Responding to It

Defendant next argues that the breadth of discovery in this case and the burden of responding to it weigh in favor of granting a stay of discovery pending a resolution of the motion to dismiss.  (DE 24-1 at 8.)  Specifically, Defendant argues that the Complaint asserts multiple causes of action; at least five of Defendant's employees would need to be deposed as witnesses to rebut the allegations in the Complaint; and Defendant would need to expend additional resources to obtain records and evidence from the EEOC and the Department of Labor, both of which have been involved in this case.  (DE 24-1 at 8; DE 27 at 6–7.)  In opposition, Plaintiff argues that Defendant has made conclusory allegations and has failed to offer any facts to demonstrate the purported burden of discovery. (DE 25 at 5.)

At oral argument on November 18, 2021, the parties advised that no discovery had been exchanged and listed the anticipated document discovery they would each need.  (DE 11/18/2021.)  The Court does not find such discovery to be unduly burdensome.  The Court agrees with Plaintiff that permitting written discovery and staying depositions would alleviate Defendant's concerns.  *See, e.g.*, *Rivera v. Inc. Vill. of Farmingdale*, No. CV 06-2613

(DRH)(ARL), 2007 WL 3047089, at *1 ("[T]o accommodate the defendants' concerns that the depositions of the Village officials will be unnecessarily costly and burdensome, the court directs that until such time as the motion to dismiss is decided that discovery be limited to document discovery.").

Furthermore, even if this action *is* dismissed, the likelihood that the dispute will continue yet in another venue is very real.  Therefore, discovery produced here, is not all for naught.

### C.  Risk of Unfair Prejudice

Defendant argues that Plaintiff would not be prejudiced by granting a stay, noting that a ruling on its motion to dismiss would likely narrow the issues and potentially prevent discovery disputes.  (DE 24-1 at 8.)  Defendant claims that not staying the case would substantially prejudice Defendant because of the resources involved in litigating the matter.  (*Id*.)  Again, the Court does not find these arguments weigh in favor of granting a complete stay of discovery. First, considering there is one Defendant and two causes of action (DE 1), there are not myriad claims to narrow here.  Second, for similar reasons discussed above, Defendant has failed to set forth a viable basis for its contention that discovery limited to documents would be overly burdensome.  Thus, this factor also weighs against granting a complete stay of discovery.

## IV.     CONCLUSION

Based on the foregoing, Defendant's motion to stay is granted in part and denied in part.

Specifically, the parties shall complete Rule 26(a)(1) disclosures, interrogatories, and document

discovery (so-called "paper discovery") on or before March 30, 2022.  Depositions – party, non-

party and experts -- are stayed pending a resolution on Defendant's motion to dismiss (DE 15) by

the Honorable Eric R. Komitee.

Dated:  Central Islip, New York
         November 19, 2021

S O   O R D E R E D:

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge

10