```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 KIRSIS CASTILLO,

                    Plaintiff,              MEMORANDUM & ORDER
                                             21-CV-005(EK)(JMW)
          -against-

 SEVIROLI FOODS, INC.,

                    Defendant.
-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

    Kirsis Castillo brought suit under Title VII and the New York State Human Rights Law against her former employer, Seviroli Foods, Inc., alleging that she was terminated unlawfully from her position as an executive assistant because of her pregnancy.  Defendant moves to dismiss the suit under Fed. R. Civ. P. 12(b)(6).  Because Castillo plausibly alleges a claim for employment discrimination at this stage of the litigation, I deny the motion to dismiss.

## I. Factual Background

    The following factual allegations are drawn from the complaint.[1]  Castillo was hired as an executive assistant at defendant Seviroli, a manufacturer of frozen foods, in January 2019.  Compl. ¶ 10, ECF No. 1.  About a month after she joined

---

[1] At the motion to dismiss stage, the Court "must take the facts alleged in the complaint as true, drawing all reasonable inferences in [Plaintiff's] favor."  *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 91 (2d Cir. 2007).

the firm, Castillo advised Seviroli's Director of Human Resources, Adele Abandolo, that she was pregnant. Castillo also told Abandolo that her due date was in July, she would require a brief maternity leave, and she would return to work after her leave. *Id.* ¶ 13.

Plaintiff alleges that shortly thereafter — she does not say exactly when — another member of Seviroli's management, Franco LaRocca, told her that Abandolo had an outburst on learning of Plaintiff's pregnancy. According to LaRocca, Abandolo exclaimed: "F*ck! Another one!" *Id.* ¶¶ 16-17.

Castillo gave birth in July 2019. Shortly afterward, she notified the company about the baby by email. *Id.* ¶ 20. She commenced her maternity leave and informed Seviroli that she planned to remain on leave for six weeks (through August 20, 2019). *Id.* ¶ 21.

On July 10, 2019, Castillo attempted to check her work email, but was unable to access her account. *Id.* ¶ 24. Castillo alleges "upon information and belief" that Seviroli posted her position on an online employment recruiting website on or about July 15, 2019. *Id.* ¶¶ 29-30. Castillo spoke with a different HR employee, Darla Maldonado, that month. She reminded Maldonado that she would be returning to work in August, and asked why she no longer had access to work email and why her position had been posted. *Id.* ¶ 32. Maldonado replied,

2

"I don't know" and that "the Company needed an executive assistant." *Id*. ¶ 35. She also told Castillo that Seviroli wanted her to return her company laptop and phone. When Castillo offered to hand-deliver the items, she was told that "under no circumstances" should she come to the office; instead, the company sent an employee to pick the items up from Castillo at her home. *Id*. ¶ 37-39.

Despite these events, Castillo continued to stay in touch with Seviroli during the remainder of her leave period. On August 19, 2019, Castillo contacted HR to make arrangements to return to work. *Id*. ¶ 46. Two days later, an HR employee informed Castillo that she could not return to work and told her that she had resigned her post. *Id*. ¶ 52. Castillo contends that Defendant unlawfully terminated her on August 21, 2019. *Id*. ¶ 57.

Seviroli, for its part, maintains that Castillo voluntarily resigned. The company learned of her resignation, it says, when it received correspondence dated August 12, 2019 from the New York Department of Labor regarding Castillo's claim for unemployment benefits. Def. Mem. of Law in Supp. of Mot. to Dismiss ("Def. Mem.") 6, ECF No. 15-5 (citing Letter from New York State Department of Labor 1, Exhibit B to Def. Mot. to Dismiss, ECF No. 15-4). The letter opens by stating: "The Department of Labor has received information that shows your

3

former employee KIRSIS C CASTILLO (the "claimant") quit his/her job with you.  In order to make a determination on this claim, we need specific information from you regarding this separation." *Id*.

The letter goes on to ask Seviroli to fill out a questionnaire.  Question 13 prominently displays a box that, in Ms. Castillo's case, is marked with an X; next to that box is text reading: "If this box is checked please respond to the following.  The claimant has informed the Department of Labor that they are no longer working due to a lack of work." *Id.* at 4.  Just below that, the form asks: "Is the above correct?  If 'NO,' please explain why." *Id*.  Seviroli contends that the letter evidences Plaintiff's voluntary resignation.  *See* Def. Mem. 11 ("Upon review of the DOL Notice, it becomes clear that Plaintiff notified Defendant of her resignation for the first time in the DOL notice and Defendant accepted her resignation.").

Castillo filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC").  The EEOC did not proceed with her case, but issued a right-to-sue letter on October 5, 2020.  *Id*. ¶ 64.  Plaintiff filed suit in this Court on January 2, 2021, alleging employment discrimination and termination on the bases of "pregnancy, sex/gender, disability, [and] familial status" in violation of

Title VII, 42 U.S.C. § 2000e, and the New York State Human Rights Law. *Id*. ¶ 2.

Defendant moves to dismiss the case for failure to state a claim.

## II. Motion to Dismiss Standard

To overcome a Rule 12(b)(6) motion, a plaintiff must plead factual allegations sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[2] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 113 (2d Cir. 2013).

## III. Discussion

Defendant argues that the complaint should be dismissed because Castillo has failed to exhaust her administrative remedies and failed to state a plausible Title VII claim. I deny the motion for the reasons set out below.

---

[2] Unless otherwise noted, when quoting judicial decisions this order omits all alterations, citations, and internal quotation marks.

5

A.   **Exhaustion of Administrative Remedies**

Plaintiffs must exhaust available administrative remedies before pursuing an employment discrimination claim in federal court, including by filing a timely complaint with the EEOC.  *E.g.*, *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003).  The burden of establishing the failure to exhaust "lies with defendants and operates as an affirmative defense."  *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 491 (2d Cir. 2018).

It is undisputed that Plaintiff timely filed a complaint with the EEOC.  *See* EEOC Charge of Discrimination, Ex. A to Def. Mot. to Dismiss, ECF No. 15-3.[3]  Defendant argues, however, that Plaintiff is now pursuing claims that were not mentioned in the EEOC charge.  *See* Def. Mem. 15 (arguing that Castillo's complaint "expands her claims of discrimination" beyond those in the EEOC charge "by adding new grounds upon which the discrimination claims are based").  It is well established in this circuit that even where a claim is not alleged expressly in an EEOC charge, a plaintiff may still assert it in federal court if it is "reasonably related to the filed claim" — that is, "if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made."

---

[3] Page numbers in citations to record documents (excluding deposition transcripts) refer to ECF pagination rather than the documents' native page numbers.

*Littlejohn v. City of New York*, 795 F.3d 297, 322 (2d Cir. 2015).

Defendant says that the allegations in the complaint go beyond — and do not reasonably relate to — the EEOC Charge that Castillo filed. Seviroli invokes, first, the check-boxes on the EEOC Charge. Where Castillo was prompted to identify the "Cause of Discrimination," she checked boxes marked "Sex" and "Disability." EEOC Charge 1. In the complaint, Castillo alleges discrimination on the basis of "pregnancy, sex/gender, disability, [and] familial status." Compl. ¶ 2. Seviroli appears to be arguing that because Castillo failed to check a box for "pregnancy discrimination" or "familial status" discrimination in the EEOC Charge, she failed to exhaust her administrative remedies. This argument falters for the straightforward reason that there are no such boxes on the EEOC form. *See* EEOC Charge 1 (including the following check-boxes, in addition to "Sex" and "Disability": "Race", "Color", "Religion", "National Origin", "Retaliation", "Age", and "Other").

Defendant also argues that the complaint levels factual allegations that are different in kind from those alleged in the EEOC Charge — for example, that Plaintiff was not permitted to return to work because Seviroli falsely accused

7

Plaintiff of voluntarily resigning and did not mention that she had applied for unemployment benefits. Def. Mem. 15-16.

"In determining whether claims are reasonably related, the focus should be on the factual allegations made in the [EEOC] charge itself, describing the discriminatory conduct about which a plaintiff is grieving." *Deravin*, 335 F.3d at 201. "[I]t is the substance of the charge and not its label that controls." *Mathirampuzha v. Potter*, 548 F.3d 70, 76 (2d Cir. 2008). Courts "frequently invoke the 'reasonably related' doctrine when the factual allegations made in the administrative complaint can be fairly read to encompass the claims ultimately pleaded in a civil action or to have placed the employer on notice that such claims might be raised." *Id*. at 77.

Castillo's complaint alleges that Seviroli discriminated against her on the basis of "sex/gender," disability, pregnancy, and familial status. Compl. ¶ 2. She alleged much the same conduct in her EEOC Charge — namely that once the company found out about her pregnancy, it "closed" her work e-mail, began searching for her replacement, requested the return of her company laptop and phone, falsely accused her of resigning, and then fired her. *Compare* EEOC Charge 2, *with* Compl. ¶¶ 24-30, 36, 52, 57. The gravamen of both documents is the same: that the Company falsely accused her of voluntarily resigning as a pretext for her wrongful termination. Seviroli

has failed to demonstrate that it should prevail on the question of exhaustion.

**B.  Title VII Claims — Plausibility**

Seviroli argues next that Castillo has failed to plausibly allege a Title VII violation.  To survive a motion to dismiss in a Title VII case, "a plaintiff need only establish a prima facie case of sex discrimination by demonstrating that (1) [she] was within the protected class; (2) [she] was qualified for the position; (3) [she] was subject to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination."  *Menaker v. Hofstra University*, 935 F.3d 20, 30 (2d Cir. 2019) (cleaned up).  To satisfy the last prong — raising an inference of discrimination — at this stage, a "plaintiff need only allege facts that give plausible support to a minimal inference of discriminatory motivation."  *Id*.

Defendant argues that Castillo has failed to state a Title VII discrimination claim because she did not suffer an adverse employment action — instead, she voluntarily resigned, as evidenced by her application for unemployment benefits.  Def. Mem. 10.  Seviroli argues further that the complaint's allegations fail to support an inference of discrimination.  *See* Def. Mem. 6, 8.

1. <u>Adverse Employment Action</u>

Seviroli claims that Castillo did not suffer an adverse employment action because she voluntarily resigned her post. Def. Mem. 10. Castillo maintains that she did not resign, and instead was fired. Pl. Mem. of Law in Opp. to Mot. to Dismiss 17-18, ECF No. 18. Castillo alleges that she always intended to return after a short maternity leave, but that Seviroli cut off her email access, posted her position on a recruiting website, and told her that she could not come to the office before finally informing her that she no longer had a job. Compl. ¶¶ 23, 32, 34, 39.

Seviroli's contention that Castillo resigned voluntarily is predicated on the letter Seviroli received from the New York Department of Labor. Seviroli asks me to consider that letter, even on a motion to dismiss, under the doctrine of judicial notice.[4] But even if I were to consider it, the letter would not warrant dismissal. At most, judicial notice would permit me to observe that the letter was sent and that it says what it says; I would not be able to consider it for the truth

---

[4] "In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Israel Discount Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999). Under F.R.E. 201(b)(2), "courts may take judicial notice of publicly available documents such as regulatory filings." *Finn v. Barney*, 471 F. App'x 30, 32 (2d Cir. 2012). The DoL letter is not, however, a publicly available regulatory filing. In any event, for the reasons set out in the text, the DoL letter does not compel dismissal.

10

of the matter asserted therein — namely, that Castillo voluntarily resigned. *E.g.*, *Lewis v. M&T Bank*, No. 21-933, 2022 WL 775758, at *1 (2d Cir. March 14, 2022) (court can take judicial notice "to determine what statements [the relevant documents] contained," but "not for the truth of the matters asserted in the documents").

Whether Castillo resigned or was fired is a dispute of fact, and at this stage of the litigation, I must assume all well-pleaded facts in the complaint are true and draw any reasonable inferences in Plaintiff's favor. *Twombly*, 550 U.S. at 572. Castillo has plausibly alleged that she was fired. Additional factual development is needed to resolve this dispute.

2. Inference of Discrimination

Defendant also contends that Castillo has failed to raise an inference of discriminatory motivation. At this stage, however, "allegation[s] of facts supporting a minimal plausible inference of discriminatory intent suffices as to this element." *Doe v. Columbia University*, 831 F.3d 46, 55 (2d Cir. 2016); *see also Vega v. Hempstead Union free School Dist.*, 801 F.3d 72, 84-85 (2d Cir. 2015) (plaintiff faces "minimal burden" to supply facts that "give plausible support to a minimal inference of discriminatory motivation"). To be sure, a plaintiff must allege specific facts that would, if proved, plausibly establish

11

a causal link between the plaintiff's protected characteristic and the alleged adverse action. *See Gong v. City University of New York*, 846 F. App'x 6, 8 (2d Cir. 2021) (affirming 12(b)(6) dismissal where plaintiff did not connect adverse employment actions to her race or national origin and therefore failed "to provide a contextual basis for inferring discrimination"); *Amaya v. Ballyshear LLC*, 295 F. Supp. 3d 204, 220 (E.D.N.Y. 2018) (dismissing Title VII claim because "[n]aked assertions of . . . discrimination without any specific factual allegation of a causal link between the defendants' conduct and the plaintiff's protected characteristic are too conclusory to withstand a motion to dismiss"). The Second Circuit has instructed that this link may be inferred from (among other things) "invidious comments" about people in the protected group and "the sequence of events leading to the plaintiff's discharge." *Littlejohn*, 795 F.3d at 312.

Castillo clears this relatively low bar. She has plausibly alleged that her pregnancy was a motivating factor in her termination. Castillo did this by, among other things, (i) alleging the temporal proximity of her pregnancy announcement to the adverse employment action, (ii) marshaling indications that Seviroli began plans to replace her shortly after they learned of her pregnancy, and (iii) pointing to the statement of disapprobation by a Seviroli executive ("F*ck — another one").

12

These allegations, taken together, raise enough of a "minimal" inference of discriminatory intent to defeat a motion to dismiss.

## IV. Conclusion

The Court has considered Defendant's arguments and found them to be without merit. For the foregoing reasons, the motion to dismiss is DENIED.

SO ORDERED.

                                          /s/ Eric Komitee
                                          ERIC KOMITEE
                                          United States District Judge

Dated:     March 25, 2022
            Brooklyn, New York